# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.S. and H.M.**

**No. 17-1073** (Taylor County 14-JA-26 and 15-JA-22)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.S., by counsel Andrew Tyler Reseter, appeals the Circuit Court of Taylor County's November 3, 2017, order terminating her parental rights to B.S. and H.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without timely granting her a dispositional hearing pursuant to West Virginia Code § 49-4-610(8)(B) and Rule 38 of the Rules of Procedure for Child Abuse and Neglect Proceedings. Petitioner also argues that her counsel's failure to move the circuit court for a final dispositional hearing constitutes ineffective assistance of counsel.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, petitioner's parents, the maternal grandparents of B.S., filed an abuse and neglect petition alleging that petitioner's boyfriend, K.M., sexually abused B.S. and further

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

alleged that petitioner was a drug addict and could not provide a safe home for the child.[3] The grandparents filed an amended petition later in July of 2014 alleging that petitioner failed to protect the child from K.M.'s physical abuse as evidenced by hand marks found on the child's buttocks. A preliminary hearing was held wherein the child's aunt testified that B.S. told her that K.M. beat her and further described him as a "mean" man. The aunt also testified that B.S. reported sexual abuse by K.M. Petitioner testified that she had no knowledge of K.M.'s harming B.S. and disclosed that she was pregnant with his child.

The circuit court held an adjudicatory hearing in October of 2014, during which petitioner stipulated to allegations of drug abuse and failure to protect B.S. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a six-month post-adjudicatory improvement period.

In January of 2015, petitioner gave birth to K.M.'s child, H.M. The circuit court allowed H.M. to remain in the parents' custody. In March of 2015, the DHHR filed an amended petition against K.M., alleging that he failed to protect and ensure a suitable home for B.S. The circuit court held an adjudicatory hearing on the amended petition in July of 2015, and, after hearing evidence, adjudicated K.M. as an abusing parent based upon his physical abuse of B.S.

The circuit court held an initial dispositional hearing in September of 2015. Petitioner was granted a six-month post-dispositional improvement period, which expired in March of 2016. B.S. was returned to the custody of petitioner and K.M. in June of 2016.

In August of 2016, petitioner filed a petition for a domestic violence protective order ("DVPO") against K.M., alleging that he had choked her, taken her phone, thrown rocks at her, and refused to allow her to leave the home. The order was granted. Following a review hearing in September of 2016, the circuit court ordered that the DVPO continue and that the children remain in petitioner's care. Later in September of 2016, the DHHR filed an amended petition and alleged that petitioner abused and neglected the children through continued contact with K.M. and allowing K.M. to have contact with the children in violation of the DVPO. The children were removed from the home at that time.

A preliminary hearing on the amended petition was held in October of 2016. Petitioner testified that she and K.M. had been living together in violation of the DVPO. She retracted her allegations of domestic violence and stated that she had exaggerated the situation at the time she requested the DVPO. K.M. testified and admitted to having contact with petitioner, but stated that he did not know that it was a problem as they had requested a dismissal of the DVPO. During this hearing, the circuit court noted that petitioner's appearance had deteriorated and the court ordered her to submit to a drug screen following the hearing, which she failed to do. Later in October, an incident occurred when petitioner and K.M. were visiting H.M. at K.M.'s parents' home. During an altercation between K.M. and his father, shots were fired and K.M.'s father was injured. H.M. was present during the altercation.

---

[3]K.M. is not the biological father of B.S.

The circuit court held an adjudicatory hearing on the amended petition in December of 2016. Petitioner failed to attend, but was represented by counsel who advised the circuit court that he was unsure of petitioner's whereabouts. Petitioner's mother attended the hearing and advised that petitioner chose not to attend the hearing because she did not believe that there was anything more she could do to regain custody of the children. The circuit court informed the DHHR that it would need to subpoena petitioner in order to proceed with the adjudicatory hearing.

The DHHR filed a second amended petition in January of 2017 in order to incorporate the allegations of domestic violence surrounding the shooting incident. The parties agreed to proceed to the scheduled adjudicatory hearing on the previously filed amended petition as the only new allegations surrounded the shooting incident. During the hearing, petitioner retracted her prior testimony that she exaggerated the domestic violence allegations contained in the DVPO and testified that, in fact, the events occurred as described therein. According to petitioner, K.M. previously broke her windshield in B.S.'s presence after an argument. Further, she testified that H.M. was present when the shooting incident occurred. The circuit court adjudicated petitioner as an abusing parent based upon her failure to protect her children from domestic violence.

The circuit court held a final dispositional hearing in April of 2017, during which it heard evidence that petitioner and K.M. continued to have contact with each other in violation of the DVPO. Counsel for petitioner objected to the termination of petitioner's parental rights but did not call any witnesses. The circuit court found that petitioner violated the DVPO, failed to submit to drug screens, failed to cooperate with those involved in the proceedings, and failed to comply with the terms of her improvement period. As such, the circuit court terminated petitioner's parental rights after finding that it was in the children's best interests.[4] It is from the November 3, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[4]K.M.'s parental rights to H.M. and his custodial rights to B.S. were terminated below. B.S.'s father is deceased. H.M. was placed with a foster family and the permanency plan is adoption by that family. B.S. was placed with a relative and the permanency plan is adoption by that relative.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without timely granting her a dispositional hearing pursuant to West Virginia Code § 49-4-610(8)(B) and Rule 38 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.[5] Specifically, petitioner argues that the circuit court was required to hold a dispositional hearing within thirty days of the end of her post-dispositional improvement period, which ended in March of 2016. Petitioner argues that, rather than grant her a dispositional hearing, the circuit court held three review hearings in the subsequent months until an amended petition was filed in September of 2016. The final dispositional hearing was not held until April of 2017. According to petitioner, had the circuit court properly held her dispositional hearing within the thirty day period, the proceedings likely would have resulted in the petition's dismissal and the children being returned to her care. We find that petitioner's argument is meritless.

We have held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). While the circuit court held the final dispositional hearing outside of the time frames set forth in Rule 38 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, we find that this procedural error does not warrant reversal of the order under the limited circumstances of this case. This is especially true in light of the fact that petitioner was provided with services throughout the months following the expiration of her post-dispositional improvement period and the case

---

[5]Rule 38 sets forth that "[n]o later than thirty (30) days after the end of the alternative disposition improvement period, the [circuit] court shall hold a hearing to determine the final disposition of the case . . . ." Additionally, pursuant to West Virginia Code § 49-4-610(8)(B), "[a]ny hearing to be held at the end of an improvement period . . . . shall be held no later than thirty days of the termination of the improvement period." Further, petitioner also argues that, as there was no timely dispositional hearing, there was no proper dispositional order entered pursuant to West Virginia Code § 49-4-604(d), which sets forth that "[a]t the end of the [improvement] period, the [circuit] court shall hold a hearing to determine whether the conditions [of abuse and neglect] have been adequately improved and at the conclusion of the hearing shall make a further dispositional order . . . ."

proceeded towards reunification, which occurred in June of 2016. Despite having been provided two improvement periods, petitioner continued to engage in domestic violence such that another petition was filed against her in September of 2016. As such, petitioner's own behavior contributed to the delay in holding a final dispositional hearing. More importantly, "a mere procedural technicality does not take precedence over the best interests of the children." *In re Tyler D.*, 213 W.Va. 149, 160, 578 S.E.2d 343, 354 (2003). As this Court has said on numerous occasions, "the best interests of the child is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989). Syl. Pt. 1, *State ex rel. Cash v. Lively*, 155 W.Va. 801, 187 S.E.2d 601 (1972) ("'In a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Point 2, Syllabus, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, [47 S.E.2d 221]."). Here, the circuit court attempted to reunify petitioner with her children. However, petitioner's own behavior resulted in an amended petition being filed, causing further delay to the proceedings. Based on the facts of this case, we find no error in this regard.

Moreover, we find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, the record demonstrates that petitioner did not comply with rehabilitative efforts designed to reduce the abuse and neglect of her children. Petitioner was granted two improvement periods throughout the proceedings below. Despite having been provided services, petitioner continued to engage in domestic violence with K.M. Although she ultimately requested a DVPO, petitioner continued to associate with K.M. and allowed him to be around the children against court order, such that H.M. was present during a shooting incident between K.M. and his father. Further, petitioner refused to drug screen and failed to attend her adjudicatory hearing in December of 2016 because she felt there was nothing more she could do. Therefore, we find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. As previously stated, circuit courts are to terminate parental rights upon such findings.

Finally, petitioner argues that her former counsel's failure to move for a final dispositional hearing constitutes ineffective assistance of counsel. It is important to note that this

Court has never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding, and we decline to do so here, especially in light of the fact that, under the limited circumstances of this case, petitioner's counsel provided her with effective representation below. As mentioned above, the case continued towards reunification following the expiration of petitioner's post-dispositional improvement period. Petitioner was provided services and was ultimately reunited with her children in June of 2016. As such, it was reasonable for petitioner's counsel to refrain from requesting a final dispositional hearing during that time. Further, petitioner fails to show how the result of the proceedings would have been different when it was her behavior that led to the filing of an amended petition and created further delays. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker